[Cite as *State v. Reffitt*, 2018-Ohio-4364.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | **JUDGES:** |
|  | : | Hon. John W Wise, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2018-0017 |
| SHAWN E. REFFITT | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:     Criminal appeal from the Muskingum County Court of Common Pleas, Case No. CR2018-0012

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     October 25, 2018

APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
PROSECUTING ATTORNEY
BY: GERALD ANDERSON
ASSISTANT PROSECUTING ATTORNEY
27 North Fifth St. P.O. Box 189
Zanesville, OH 43702-7123

For Defendant-Appellant

JAMES ANZELMO
446 Howland Drive
Gahanna, OH 43230

*Gwin, J.,*

{¶1}   Defendant-appellant Shawn Reffitt ["Reffitt"] appeals the entry of his negotiated guilty plea in the Muskingum County Court of Common Pleas.

*Facts and Procedural History*

{¶2}   Reffitt was indicted for Possession of Drugs a fifth degree felony in violation of R.C. 2925.11.  Reffitt was on post-release control for a burglary offense at the time. The term of post-release control started in April 2017, and it was a three-year term. On February 26, 2018, Reffitt entered a guilty plea on the drug possession charge.  The prosecution and defense informed the court that Reffitt agreed to plead guilty to the drug charge in exchange for a jointly recommended sentence of six months in prison.  In addition, despite Reffitt committing the drug offense while on post-release control, the prosecution requested that the court not sanction Reffitt for violating post-release control.

{¶3}   The court noted that it did not have to follow the jointly recommended sentence, and Reffitt indicated that he understood this point.  The court also stated that, after Reffitt serves the sentence for the drug charge, he could be placed on post-release control.  The court informed Reffitt that, if he committed an offense while on post-release control, "additional" prison time for the post-release control violation "could be added to" the sentence for the newly committed offense.

{¶4}   Thereafter, the court accepted Reffitt's guilty plea.  The court sentenced Reffitt to six months in prison, pursuant to the parties' joint recommendation.  The court terminated Reffitt's post-release control, and it sentenced Reffitt to prison for the balance of the term of post-release control.  The court ordered Reffitt to serve the sentence for the post-release control violation consecutive to the sentence for the drug offense in

accordance with R.C. 2929.141(A) (1). The trial court also ordered Reffitt to pay court costs.

*Assignments of Error*

{¶5} Reffitt raises two Assignments of Error,

{¶6} "I. SHAWN REFFITT DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY PLEAD GUILTY TO DRUG POSSESSION, IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION.

{¶7} "II. SHAWN REFFITT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO."

I.

{¶8} In his First Assignment of Error, Reffitt maintains that his plea was not knowingly, voluntarily or intelligently entered. Reffitt argues the trial court did not inform him prior to accepting his guilty plea that pursuant to R.C. 2929.141(A)(1) a sentence for a post-release control violation must be served consecutively to the sentence for the drug abuse charge.

**STANDARD OF APPELLATE REVIEW**

{¶9} The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt. *See Machibroda v. United States*, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473(1962). A plea of guilty constitutes a complete

admission of guilt. Crim. R. 11 (B) (1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce*, 488 U.S. 563, 570, 109 S.Ct. 757, 762, 102 L.Ed.2d 927(1989).

**{¶10}** Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115(1981), *citing State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163(1977). In *State v. Griggs*, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

> Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice.[*State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]. *See, State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509 at ¶ 19-20.

103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶12.

**ISSUE FOR APPEAL**

*Whether the trial court was required to inform Reffitt before accepting his guilty plea to an offense he committed while on post release control that pursuant to R.C. 2929.141(A)(1) a sentence for a post release control violation must be served consecutively to the sentence for the newly committed offense.*

{¶11} R.C. 2929.141(A)(1) mandates that the sentence for violating post-release control is required to be served consecutive to any sentence imposed for the new felony. When an offender pleads guilty to a new felony offense while on post-release control, R.C. 2929.141 provides,

> (A) Upon the conviction of or plea of guilty to a felony by a person on post-release control at the time of the commission of the felony, the court may terminate the term of post-release control, and the court may do either of the following regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on post-release control:

> (1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation shall be served

consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

(2) Impose a sanction under sections 2929.15 to 2929.18 of the Revised Code for the violation that shall be served concurrently or consecutively, as specified by the court, with any community control sanctions for the new felony.

{¶12} In *State v. Gilbert*, the court observed,

Under R.C. 2929.141(A)(1), a trial court is authorized to terminate post-release control and impose a sentence representing the time remaining on his term of post-release control. *State v. Barron*, 2d Dist. Montgomery No. 25059, 2012–Ohio–5787, ¶ 16. Only the trial court itself may make the decision to sentence for a post-release control violation. *State v. Branham*, 2d Dist. Clark No. 2013–CA–49, 2014–Ohio–5067. Once the court decides to impose a sentence for such a violation, it is bound by R.C. 2929.141 when determining the time to be served. Id. The court is not required by the statute to make any findings prior to terminating post-release control. *Barron* at ¶ 16. The court also is not required to explain or justify why it has elected to impose a prison sentence for the violation. Id.

2nd Dist. Clark No. 2015–CA–117, 2016–Ohio–5539, ¶ 9–10. *Accord, State v. McAndrew,* 5th Dist. Ashland No. 17-COA-015, 2017-Ohio-8993, ¶9.

**_1. Notification not required at initial sentencing hearing._**

{¶13} The Supreme Court has recently resolved a conflict on the parameters of the notifications required at the initial sentencing hearing. In *State v. Gordon,* Gordon, was indicted on two counts of rape in violation of R.C. 2907.02(A)(1)(b) (victims less than 13 years of age), with a factual allegation that Gordon purposely compelled the victims to submit by force or threat of force. Gordon was also charged with three counts of gross sexual imposition in violation of R.C. 2907.05(A)(4) (victims less than 13 years of age). A jury found him guilty on all counts. At sentencing, the trial court imposed an aggregate sentence of 55 years to life in prison. The trial court imposed the mandatory term of post-release control at the sentencing hearing and provided Gordon with notification of his post-release control term in the sentencing entry. The entry also advised Gordon that if he were convicted of a "new felony offense while on post-release control, the sentencing court [could] impose a prison term for the new felony offense as well as an additional consecutive prison term for the post-release control violation of twelve months or whatever time remains on [his] post-release control period, whichever is greater."

{¶14} *Gordon* was accepted as a certified conflict between judgments of the Ninth District and Fifth District Courts of Appeals. The Ninth District certified the issue in conflict as follows:

"Whether the post-release control notification of R.C. 2929.19(B)(2)(e) must include notification of the penalty provisions in R.C. 2929.141(A)(1)–(2), specifically, whether a trial court must inform an offender at the time of sentencing that the commission of a felony during a period of post-release control permits a trial court to impose a new prison

term for the violation to be served consecutively with any prison term for the

new felony."

150 Ohio St.3d 1441, 2017–Ohio–7843, 82 N.E.3d 1175, quoting the court of appeals'

journal entry.  *Gordon,* 2018-Ohio-1975, ¶1.  The Ohio Supreme Court held in *Gordon,*

> R.C. 2929.19(B)(2)(e) sets forth one of the notification duties that trial
>
> courts have at sentencing hearings.  R.C. 2929.19(B)(2)(e) unambiguously
>
> requires that the court notify the offender that if the offender violates post-
>
> release control, the parole board may impose a prison term of up to one-
>
> half of the stated prison term originally imposed upon the offender.  R.C.
>
> 2929.19(B)(2)(e) does not impose any other notification requirements on
>
> trial courts.
>
> Applying the plain language of the unambiguous statute, R.C.
>
> 2929.19(B)(2)(e) does not require that the trial court inform the offender of
>
> the penalty provisions contained in R.C. 2929.141(A)(1) and (2) (provisions
>
> that apply only when an offender is convicted of committing a new felony
>
> while serving a period of post-release control).

*State v. Gordon*, 2018-Ohio-1975, —— N.E. 3d ——, ¶ 11-12.  The question in the case

at bar is not whether Reffitt was advised when he entered his plea to the Burglary charge,

but rather, whether the trial court was required to advise him before accepting his guilty

plea to the Drug Possession charge he committed while he was on post-release control

for the Burglary charge.

### *2. Notification should be given when sentenced for new felony conviction while on post-release control.*

{¶15} In support, Reffitt relies on *State v. Branham*, 2d Dist. Clark No. 2013 CA 49, 2014–Ohio–5067. In *Branham,* the defendant signed a plea form advising him that his guilty plea could result in revocation of his post-release control and that any new sentence imposed for the post-release control violation could be imposed consecutively. At the defendant's plea hearing in Branham, the trial court simply told him that he could be sentenced for the post-release control violation. *Branham* at ¶11–14. On appeal, the court vacated the plea and reversed, holding that the trial court was required to inform the defendant that if it revoked post-release control, a consecutive sentence for the post release control violation was mandatory under R.C. 2929.141(A)(1).

{¶16} The Second District again addressed the notification question in *State v. Landgraf*, 2d Dist. Clark No. 2014 CA 12, 2014–Ohio–5448. In *Landgraf,* "the trial court did not inquire at the plea hearing whether [the defendant] was on post-release control at the time of his offense, and the trial court did not address any of the consequences that [the defendant] faced under R.C. 2929.141 if [he] were to plead guilty to a new felony." *Landgraf* at ¶ 22. On appeal, the court held that Crim.R. 11 obligated the trial court to advise the defendant that it could terminate his post-release control, that it could impose a prison sentence for the post-release control violation, and that any prison sentence it decided to impose for the post-release control violation would be required to be served consecutively. Id. at ¶ 23. Although the plea form in *Landgraf* addressed the consequences of the defendant pleading guilty to a felony committed while on post release control, the court found the form insufficient because it stated that any prison term imposed for the post-release control violation could be imposed consecutively, not that it

was required to be imposed consecutively.  Id. at ¶ 24.  *See, State v. Bishop,* 2nd Dist. No. 27496, 2017-Ohio-8332, ¶6.

**{¶17}**  In the case at bar, the plea form signed by Reffitt indicates that "if I am now on felony probation, parole, under a community control sanction, or under post-release control from prison, this plea may result in revocation proceedings and any new sentence *could be* imposed consecutively."  (Emphasis added).  During the plea colloquy, the trial judge told Reffitt,

> Do you understand if you commit a new felony while on post-release control, in addition to any sentence you receive for that new felony, additional time *could be* added to that sentence in the form of time you have left on post-release control, or one year, whichever is greater?

T. at 6 (emphasis added).

**{¶18}**  In the case at bar, the trial court should have informed Reffitt that if a prison term was imposed on the Drug Possession charge and the court elected to revoke his post-release control on the Burglary charge, the time must be served consecutively.  R.C. 2929.141(A)(1) does not give the trial court any discretion.

**{¶19}**  We find that in fairness when a defendant is facing a consecutive sentence he or she should be explicitly made aware of that consequence.  Telling a defendant that by entering a plea to the new offense the trial court will impose an additional prison sentence for the post-release control violation consecutive to the new offense assures all parties that the defendant is knowingly, intelligently and voluntarily entering his or her plea.

**{¶20}**  Reffitt's First Assignment of Error is sustained.

II.

**{¶21}** In his Second Assignment of Error, Reffitt argues that he was denied effective assistance of counsel because his attorney did not file a motion to waive the imposition of court costs.

**{¶22}** In light of our disposition of Reffitt's First Assignment of Error, we find Reffitt's Second Assignment of Error to be moot. However, we would note that the General Assembly amended R.C. 2947.23 by adding the following provision, "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." In *State v. Beasley*, Oh. Sup. Ct. Case No. 2014-0313, 2018-Ohio-493, the Ohio Supreme Court noted that in light of this new provision, a case does not need to be remanded to the trial court in order for the defendant to obtain an order waiving, suspending, or modifying costs. Id. at ¶ 264 –265.

{¶23} The judgment of the Muskingum County Court of Common Pleas is reversed, the plea is vacated, and this matter is remanded for proceedings consistent with the law and this opinion.

By Gwin, J.,

Wise, P.J., and

Delaney, J., concur