[Cite as *State v. Somers*, 2018-Ohio-4625.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. W. Scott Gwin, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. CT2018-0013 |
| MASON P. SOMERS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case No. CR2017-0424


JUDGMENT:     Affirmed


DATE OF JUDGMENT ENTRY:     November 15, 2018


APPEARANCES:

For Plaintiff-Appellee

D. MICHAEL HADDOX
PROSECUTING ATTORNEY
GERALD V. ANDERSON II
ASSISTANT PROSECUTOR
27 North Fifth Street, P.O. Box 189
Zanesville, Ohio 43702-0189

For Defendant-Appellant

JAMES A. ANZELMO
446 Howland Drive
Gahanna, Ohio 43230

*Wise, P. J.*

{¶1}   Defendant-appellant Mason P. Somers appeals his conviction and sentence on one count of aggravated burglary, one count of aggravated robbery, one count of kidnapping, and one count of felonious assault entered in the Muskingum County Court of Common Pleas following a trial to the court.

{¶2}   Plaintiff-appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3}   The relevant facts and procedural history are as follows:

{¶4}   On August 23, 2017, at approximately 10:30 p.m., Ernest Dilley was sitting in his home when there was a knock at his front door. Mr. Dilley opened the door believing it to be his daughter returning home from work, but instead it was a man holding a gun, with a bandana covering part of his face. (T. at 165). Mr. Dilley noticed the man was around six feet tall and had tattoos on his arms and on the hand holding the gun. *Id.* The man charged into the house and pushed Mr. Dilley through the threshold area of the home, into the living room, until Mr. Dilley was on his couch. *Id.* The man pointed the gun at Mr. Dilley and demanded all of Mr. Dilley's money. *Id.* Mr. Dilley told the intruder his money was at the bank. The intruder then picked up a lid from a glass candy jar and struck Mr. Dilley in the face. (T. at 167). The intruder grabbed Mr. Dilley's cell phone off the coffee table and ran out of the house. Mr. Dilley followed the intruder to the front porch area. Once outside, Mr. Dilley noticed the glass candy dish lid had been dropped in his yard. On top of the broken glass lid was a flashlight.

{¶5}   Mr. Dilley ran to the neighbor's house and asked him to call the police. When the police arrived, they searched the area. (T.at 170). They found Dilley's cell phone in

the middle of his yard and returned it to him. (T. at 170-171). The police also found the flashlight and a pistol bullet cartridge that had not been fired. (T. at 194). The bullet and the flashlight were sent for DNA testing. There was not enough DNA on the bullet cartridge to produce a conclusive result. (T. at 244). The DNA discovered on the flashlight came back as a one in one trillion match to Appellant Mason Somers. (T. at 228).

{¶6} On or about November 15, 2017, Appellant was indicted on one count of Aggravated Burglary, a felony of the first degree, in violation of R.C. §2911.11 l(A)(2), one count of Aggravated Robbery, a felony of the first degree, in violation of R.C. §2911.01(A)(1), one count of Kidnapping with a gun specification, a felony of the first degree, in violation of R.C. § 2905.01(A)(1), and one count of Felonious Assault, a felony of the second degree, in violation of R.C. § 2903.11(A)(2).

{¶7} On November 27, 2017, Appellant entered a plea of not guilty.

{¶8} On January 23, 2018, a two-day jury trial took place.

{¶9} At trial, the jury heard testimony from Ernest Dilley, Deputy Andrew Murphy, Detective Amy Thompson, BCI forensic scientist Michael Monfredi, and Detective Brad Shawger.

{¶10} Mr. Dilley testified as to the events that took place on August 23, 2017, as set forth above. He further testified that the perpetrator's height and tattoos on his hands and arms were consistent with that of Appellant's height and tattoos on his hands and arms. Mr. Dilley also testified that the flashlight found in the yard had not been there previously because if it had been, he would have picked it up. (T. at 168).

{¶11} On January 24, 2017, a jury found Appellant guilty of all counts and firearm specifications.

{¶12} On January 29, 2018, the trial court sentenced Appellant to serve 25 years in prison. The court merged the kidnapping and aggravated robbery charges, and the prosecution elected to have Appellant sentenced on the aggravated robbery charge. The court sentenced Appellant to eleven (11) years imprisonment for the aggravated robbery and aggravated burglary counts, with an additional three (3) years imprisonment for the firearm specifications attached to each count. The court ordered those prison sentences to be served concurrently. The court imposed an eight (8) year prison sentence on the felonious assault charge, with an additional three (3) years imprisonment for the firearm specification attached to that offense. The court ordered Appellant to serve the eleven (11) year prison sentence consecutive to the fourteen (14) year prison sentence imposed on the aggravated robbery and aggravated burglary counts and accompanying specifications. The court concluded that consecutive sentences were warranted, pursuant to R.C. §2929.14(C), because the "harm" caused by Appellant's offenses "was so great or unusual" and that consecutive sentences are not "disproportionate to the seriousness of' Appellant's conduct. (Sent. T. at 15). Appellant was also ordered to pay court costs.

{¶13} Appellant now appeals, raising the following assignments of error on appeal:

## ASSIGNMENTS OF ERROR

{¶14} "I. SOMERS' CONVICTIONS ARE BASED ON INSUFFICIENT EVIDENCE, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶15} "II. SOMERS' CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 1 & 16, ARTICLE I OF THE OHIO CONSTITUTION.

{¶16} "III. THE TRIAL COURT UNLAWFULLY ORDERED SOMERS TO SERVE CONSECUTIVE SENTENCES, IN VIOLATION OF HIS RIGHTS TO DUE PROCESS, GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶17} "IV. SOMERS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

**I., II.**

{¶18} Appellant argues that his convictions are against the manifest weight and sufficiency of the evidence. We disagree.

{¶19} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks,* 61 Ohio St.3d 259 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979).

{¶20} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of

witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). *See also, State v. Thompkins,* 78 Ohio St.3d 380, 1997–Ohio–52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

**{¶21}** Appellant was convicted of aggravated burglary, aggravated robbery, kidnapping and felonious assault. Appellant argues that there is insufficient evidence linking him to these crimes because the victim was unable to identify him as the person who invaded his home. Appellant further argues that no physical evidence links him to the bullet cartridge found outside the victim's home.

**{¶22}** However, upon review of Mr. Dilley's testimony, we find that he testified that the man who robbed him was approximately 6 feet tall, had tattoos on the arm and hand which was holding the gun, and was wearing a mask which covered his nose and mouth. (T. at 165). Mr. Dilley testified that Appellant's height and the tattoos on his arm and hand were consistent with the man who robbed him. (T. at 173).

**{¶23}** Additionally, the jury heard testimony that Appellant's DNA was found on the flashlight which was located by the police in Mr. Dilley's yard, on top of the broken glass lid.

**{¶24}** Further, the jury was played a recording of a jail call Appellant made to his brother following his arrest wherein he told his brother that he had a keychain flashlight. (T. at 255). The jury also heard evidence of a recorded jail visit between Appellant and

the mother of his children wherein he stated "they better offer me a sweet deal" because there was no forced entry, the victim wasn't shot, and nothing was taken. (T. at 257).

**{¶25}** Based on the foregoing, we find that the State presented sufficient evidence to support the charges, and the jury did not lose its way.

**{¶26}** Appellant's first and second assignments of error are overruled.

**III.**

**{¶27}** In his third assignment of error, Appellant argues that the trial court erred in imposing consecutive sentences in this matter.

**{¶28}** We review felony sentences not for an abuse of discretion, but rather using the standard of review set forth in R.C. §2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶ 22. R.C. §2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. §2929.13(B) or (D), R.C. §2929.14(B)(2)(e) or (C)(4), or R.C. §2929.20(I), or the sentence is otherwise contrary to law.

**{¶29}** Pursuant to *Marcum*, this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, or (2) the sentence is otherwise contrary to law.

**{¶30}** Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. "Where the degree of proof required to sustain an issue must be clear and

convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." *Cross*, 161 Ohio St. at 477, 120 N.E.2d 118.

**{¶31}** As long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12, a trial court's imposition of a maximum prison term for a felony conviction is not contrary to law. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016–Ohio–5234, 2016 WL 4141260, ¶ 10, 16.

**{¶32} Consecutive Sentences**

**{¶33}** R.C. ¶2929.14 (C)(4) states as follows:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶34} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.3d 659, syllabus, the Supreme Court of Ohio held: "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. §2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." The sentencing court is not required to recite "a word-for-word recitation of the language of the statute." *Bonnell*, ¶ 29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.*

{¶35} Here, Appellant concedes the trial court engaged in the proper analysis and made the appropriate findings pursuant to R.C. §2929.14(C)(4). Instead, Appellant challenges whether there was sufficient evidence to support that consecutive terms were not disproportionate to the seriousness of Appellant's conduct or the danger he poses to the public. Appellant focuses his argument on the fact that the victim's "injuries were not life-threatening and did not even require hospitalization." (Appellant's brief at 10).

Appellant also argues that the items stolen were later recovered. Appellant's brief at 10-11).

**{¶36}** Upon review, we find that the trial court's imposition of consecutive sentences was supported by the record. Appellant's actions in pointing a firearm at the victim, invading his home, causing him injury and taking his property, constitute serious offenses.

**{¶37}** Additionally, the trial court took into consideration Appellant's prior criminal history which includes two prior felony conviction and twelve prior misdemeanors, two of which involved firearms. Finally, Appellant was under disability and could not be in possession of a firearm at the time he committed the instant offenses.

**{¶38}** Appellant's third assignment of error is overruled.

**IV.**

**{¶39}** In his fourth assignment of error, Appellant argues that he was denied the effective assistance of counsel. We disagree.

**{¶40}** A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to Appellant. The second prong is whether Appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell,* 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

**{¶41}** In order to warrant a finding that trial counsel was ineffective, the petitioner must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley. Knowles v. Mirzayance,* 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251 (2009).

**{¶42}** Recently, the United States Supreme Court discussed the prejudice prong of the *Strickland* test,

**{¶43}** With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.,* at 694, 104 S.Ct. 2052. It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.,* at 693, 104 S.Ct. 2052. Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.,* at 687, 104 S.Ct. 2052.

**{¶44}** The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Bradley,* 42 Ohio St.3d at 143, 538 N.E.2d 373, *quoting Strickland,* 466 U.S. at 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶45}** A defendant has no constitutional right to determine trial tactics and strategy of counsel. *State v. Cowans,* 87 Ohio St.3d 68, 72, 717 N.E.2d 298 (1999); *State v. Conway,* 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 150; *State v. Donkers,* 170 Ohio App.3d 509, 867 N.E.2d 903, 2007-Ohio-1557, ¶ 183 (11th Dist.). Rather, decisions about viable defenses are the exclusive domain of defense counsel after consulting with the defendant. *Id.* When there is no demonstration that counsel failed to

research the facts or the law or that counsel was ignorant of a crucial defense, a reviewing court defers to counsel's judgment in the matter. *State v. Clayton,* 62 Ohio St.2d 45, 49, 402 N.E.2d 1189 (1980), citing *People v. Miller,* 7 Cal.3d 562, 573–574, 102 Cal.Rptr. 841, 498 P.2d 1089 (1972); *State v. Wiley,* 10th Dist. No. 03AP–340, 2004-Ohio-1008, 2004 WL 396767 at ¶ 21.

**{¶46}** Appellant argues his counsel was ineffective for not objecting to the prosecution playing for the jury his statements that the State had better offer him a sweet deal, because such amounted to evidence of his desire for a plea bargain which could allow the jury to infer guilt.

**{¶47}** Appellant also argues that his counsel was ineffective in failing to object to prosecution playing for the jury the recorded conversation during which Appellant discussed criminal offenses committed by others and the "deals" they had received.

**{¶48}** Upon review, we find that the recording of Appellant's statements were admissible pursuant to Evid.R. 801(D)(2), which provides:

> **(D) Statements Which Are Not Hearsay.** A statement is not hearsay if:
>
> ***
>
> (2) *Admission by Party-Opponent.* The statement is offered against a party and is (a) the party's own statement, in either an individual or a representative capacity, or (b) a statement of which the party has manifested an adoption or belief in its truth, or (c) a statement by a person authorized by the party to make a statement concerning the subject, or (d) a statement by the party's agent or servant concerning a matter within the

scope of the agency or employment, made during the existence of the relationship, or (e) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy upon independent proof of the conspiracy.

**{¶49}** Upon review, we further find that Appellant has failed to show prejudice resulting from the admission of these statements.

**{¶50}** Finally, Appellant argues his counsel was ineffective for failing to request waiver of court costs. In support of the waiver of court costs, he cites *State v. Springer,* 8th Dist. Cuyahoga No. 104649, 2017-Ohio-8861. *Springer* is in conflict with our decision in *State v. Davis,* 5th Dist. Licking No. 17-CA-55, 2017-Ohio-9445, and that the present issue has been accepted for review by the Supreme Court of Ohio upon our certification of a conflict. *See State v. Ramsey*, 5th Dist. Licking No. 17-CA-76, 2018-Ohio-2365, ¶ 46. We held in *Ramsey* that "[u]nless a decision is rendered on the issue to the contrary in the future, this Court will continue to abide by its decision in *Davis.*" *Id.*

**{¶51}** Accordingly, in conformity with *Ramsey*, we hold Bowen was not deprived of the effective assistance of trial counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, § 10 of the Ohio Constitution.

**{¶52}** Appellant's fourth assignment of error is overruled.

**{¶53}** For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is affirmed.

By: Wise, P. J.

Gwin, J., and

Delaney, J., concur.

JWW/d 1107