[Cite as *State v. Hahn*, 2019-Ohio-3451.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | | |
|---|---|---|---|
| STATE OF OHIO | : | | JUDGES: |
| | : | | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | | Hon. Craig R. Baldwin, J. |
| | : | | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | | |
| | : | | |
| TYSON J. HAHN | : | | Case No. CT2018-0057 |
| | : | | |
| Defendant-Appellant | : | | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Case No. CR2018-0001




JUDGMENT:    Affirmed




DATE OF JUDGMENT:    August 26, 2019




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

TAYLOR P. BENNINGTON                JAMES A. ANZELMO
27 North Fifth Street                      446 Howland Drive
P.O. Box 189                               Gahanna, OH 43230
Zanesville, OH 43702

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant Tyson J. Hahn appeals the May 17, 2018 Sentencing Entry of the Muskingum County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On April 16, 2018, appellant entered a plea of guilty to one count of theft of a motor vehicle, a felony of the fourth degree. During the hearing, counsel for appellant indicated he had gone over in detail, a written plea form signed by appellant. Counsel indicated he had explained to appellant "maximum penalties, post release control, and any rights he is waiving by entering this plea * * *."

{¶ 3}   During its subsequent plea colloquy with appellant, the trial court ascertained appellant was on post-release control (PRC) for a prior offense committed in Clark County, Ohio. Given that information, the trial court advised appellant "You understand that a plea of guilty here and a finding of guilty on this case could lead to a violation of your post-release control and could lead to new and additional prison time based solely on that?" Appellant indicated he understood this possibility.

{¶ 4}   Appellant was sentenced on May 14, 2018 following a presentence investigation. Based on appellant's extensive criminal history and lack of remorse, the trial court sentenced appellant to 18 months for theft of a motor vehicle, revoked his post-release control, and imposed the 1,236 days appellant had remaining on post-release control to be served consecutive to the sentence for theft of a motor vehicle. Before the trial court could completely conclude sentencing, appellant verbally lashed out at and verbally threatened the trial court judge and was removed from the court room.

{¶ 5} On May 17, 2018, the trial court issued its sentencing judgment entry reflecting the forgoing sentence and ordering appellant to pay court costs. It is from this judgment that appellant appeals raising two assignments of error:

I

{¶ 6} "TYSON HAHN DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY PLEAD GUILTY TO DRUG POSSESSION (sic), IN VIOLATION OF HIS DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATE CONSTITUTION AND SECTION SIXTEEN, ARTICLE ONE OF THE OHIO CONSTITUTION."

II

{¶ 7} "TYSON HAHN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION."

I

{¶ 8} In his first assignment of error, appellant argues his plea was not knowingly, intelligently and voluntarily made because the trial court failed to adequately inform him that pursuant to R.C 2929.141(A)(1), the sentence for his post-release control violation must be served consecutive to his sentence for theft of a motor vehicle.[1] We disagree.

{¶ 9} Pursuant to Crim.R. 11, guilty pleas to be made knowingly, intelligently and voluntarily. Literal compliance with Crim. R. 11 is preferred, however, the trial court need only "substantially comply" with the rule when addressing the non-constitutional elements of Crim.R. 11(C). *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), citing

---

[1] Throughout this assignment of error, appellant references his plea to drug possession. However, the record indicates appellant pled guilty to theft of a motor vehicle.

*State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). The Ohio Supreme Court

noted the following test for determining substantial compliance with Crim.R. 11:

> Though failure to adequately inform a defendant of his constitutional
>
> rights would invalidate a guilty plea under a presumption that it was
>
> entered involuntarily and unknowingly, failure to comply with non-
>
> constitutional rights will not invalidate a plea unless the defendant
>
> thereby suffered prejudice. [*State v. Nero* (1990), 56 Ohio St.3d 106,]
>
> 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea
>
> would have otherwise been made. *Id.* Under the substantial-
>
> compliance standard, we review the totality of circumstances
>
> surrounding [the defendant's] plea and determine whether he
>
> subjectively understood [the effect of his plea]. See, *State v. Sarkozy*,
>
> 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224 at ¶ 19-20.

{¶ 10} *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51 at ¶ 12.

{¶ 11} R.C. 2929.141 governs commission of an offense by person under post-

release control. Subsection (A)(1) states as follows:

> (A) Upon the conviction of or plea of guilty to a felony by a person on
>
> post-release control at the time of the commission of the felony, the
>
> court *may* terminate the term of post-release control, and the court
>
> *may* do either of the following regardless of whether the sentencing

court or another court of this state imposed the original prison term for which the person is on post-release control:

(1) In addition to any prison term for the new felony, impose a prison term for the post-release control violation. The maximum prison term for the violation shall be the greater of twelve months or the period of post-release control for the earlier felony minus any time the person has spent under post-release control for the earlier felony. In all cases, any prison term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board as a post-release control sanction. A prison term imposed for the violation *shall* be served consecutively to any prison term imposed for the new felony. The imposition of a prison term for the post-release control violation shall terminate the period of post-release control for the earlier felony.

{¶ 12} Emphasis added. Thus, while revocation of an offender's PRC is discretionary, any sentence imposed as a result of revocation must be served consecutively.

{¶ 13} In support of his argument, appellant relies on two cases; *State v. Branham*, 2nd Dist. Clark No. 2013 CA 49, 2014-Ohio-5067 and *State v. Reffit*, 5th Dist. Muskingum No. CT2018-0017, 2018-Ohio-4364. We examine each in turn.

{¶ 14} In *Branham*, the trial court addressed Branham as follows:

The record of the plea hearing reveals the following discussion regarding Branham's PRC status:

The Court: The Court has been handed a written plea of guilty to an amended charge of gross sexual imposition under [R.C.] 2907.05(A)(1), which is a felony of the fourth degree. The document further indicates that the State will take no action on any PRC violations, and the parties understand that a presentence investigation will be conducted prior to disposition on June the 2nd.

* * *

* * *

The Court: Are you on probation, parole, community control, or post-release control?

Branham: Parole.

Defense Counsel: PRC, I think, is what it is.

The Court: Post-release control?

Branham: Yeah, PRC.

The Court: And what offense were you in prison for that you were released on PRC?

Branham: Rape.

The Court: Have you discussed your case and possible defenses with your attorney?

A: Yes.

Q: Are you satisfied with the advice and representation that your attorney's given you?

A: Yes, sir.

Q: Is this your signature on the plea form?

A: Yes.

Q: Before you signed the document, did you read it, go over it with your attorney?

A: Yes, sir.

Q: Did you understand everything in the document?

A: Yes, sir, I did.

* * *

Q: In your plea agreement, it says the State will not—how is that worded—take action on [the] PRC violation.

You understand the Prosecutor, first of all, does not represent the Parole Authority and cannot speak for the Parole Authority. Second, the prosecutor's office does not speak for the Court. So their agreement not to proceed with [the] PRC violation does not mean that I will not sentence you for a PRC violation.

Do you understand that?

A: Yes, sir, I understand.

{¶ 15} *Branham*, supra at ¶¶ 10-11. Based on this exchange, the Second District found "* * * the trial court failed to inform Branham during the plea colloquy that, pursuant

to the explicit language in R.C. 2929.141(A)(1), if it revoked his PRC, imposition of consecutive sentences for the violation was, in fact, mandatory upon imposition of a prison term for GSI."

{¶ 16} Branham is factually distinguishable from the instant matter as the trial court never advised Branham of the implications his plea would have on his PRC.

{¶ 17} The facts in *State v. Reffitt*, 5th Dist. Muskingum No CT2018-0017, 2018-Ohio-4364, also differ from the case currently before us.

{¶ 18} Reffitt was on PRC for a burglary charge when he committed a new offense, possession of drugs. He elected to plead guilty to possessing drugs in exchange for a jointly recommended sentence of six months. Additionally, the prosecution requested that the trial court refrain from sanctioning Reffitt for violating his PRC. *Reffitt* supra ¶ 2. The trial court informed Reffitt that it was under no obligation to follow the jointly recommended sentence. It then properly advised Reffitt that once released from prison on the drug charge and placed on PRC, if he committed a new offense additional prison time could be added to the sentence for the newly committed offense. *Id.* ¶ 3. The trial court did not, however, address the impact of Reffitt's plea to the drug charge upon his PRC for the prior burglary offense. After accepting Reffitt's plea, the trial court sentenced Reffit to six months on the drug charge, revoked his PRC, sentenced him to the balance of time left on PRC, and ordered him to serve the sentence consecutive to the sentence for the drug offense. *Id.* ¶ 4.

{¶ 19} Turning to the instant matter, the trial court here advised appellant: "You understand that a plea of guilty here and a finding of guilty on this case could lead to a

violation of your post-release control and could lead to new and additional prison time based solely on that?" Plea Transcript at 5.

{¶ 20} In *State v. Nicholson*, 5th Dist. Muskingum No. CT2015-0016, 2016-Ohio-50 and *State v. Wills*, 5th Dist. Muskingum No. CT2015-0009, 2015-Ohio-4599, we found advising each appellant of the consecutive nature of a post release control sentence with the language "could be added" is sufficient and tantamount to saying "consecutive to." We concluded that with that language, the appellants in both cases had been adequately advised of post-release control and its ramifications. *Wills*, at ¶ 13; *Nicholson* citing *Wills* at ¶¶ 14-15.

{¶ 21} Recently, the Supreme Court of Ohio stated:

> A trial court need only substantially comply with the nonconstitutional advisements listed in Crim.R. 11(C)(2)(a). *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at ¶ 18. But "[w]hen the trial judge does not *substantially* comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule." (Emphasis sic.) *Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 32. "If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Id.* But if the trial court completely failed to comply with the rule, the plea must be vacated. Id. Complete failure " 'to comply with

the rule does not implicate an analysis of prejudice.' " *Id.*, quoting *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22.

{¶ 22} *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766 (2018) ¶ 19.

{¶ 23} We find here as we did in *Wills*, supra, that the trial court's use of "new and additional prison time" to be tantamount to saying "consecutive to." We conclude, therefore, that the trial court substantially complied with Crim.R. 11.

{¶ 24} The first assignment of error is overruled.

II

{¶ 25} In his Second Assignment of Error, appellant argues he received ineffective assistance of trial counsel because his defense attorney did not request a waiver of court costs. We disagree.

{¶ 26} To prevail on a claim of ineffective assistance of counsel, appellant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced appellant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

{¶ 27} We addressed this issue in *State v. Davis*, 5th Dist. Licking No. 17-CA-55 2017-Ohio-9445, and determined the following at ¶ 27:

> We find no merit in Appellant's allegation that he received ineffective assistance of counsel as a result of his attorney failing to request that the trial court waive court costs. Because R.C. 2947.23(C) grants appellant the ability to seek waiver of costs at any time, including after sentencing, appellant has not been prejudiced by the failure of his counsel to request a waiver at sentencing.

{¶ 28} In support of his ineffective assistance argument, appellant cites *State v. Springer*, 8th Dist. Cuyahoga No. 104649, 2017-Ohio-8861. *Springer* conflicts with our decision in *Davis*, and the matter has been accepted for review by the Supreme Court of Ohio upon our certification of a conflict. We held in *State v. Ramsey*, 5th Dist. Licking No. 17-CA-76, 2018-Ohio-2365, as we hold here; "[u]nless a decision is rendered on the issue to the contrary in the future, this Court will continue to abide by its decision in *Davis*." *Id.* See also *State v. Somers*, 5th Dist. Muskingum No. CT2018-0013, 2018-Ohio-4625; *State v. Bowen*, 5th Dist. Muskingum No. CT2017-0103, 2018-Ohio-4220, *State v. Ross*, 5th Dist. Muskingum No. CT2018-0047, 2019-Ohio-2472, *State v. Bryan*, 5th Dist. Muskingum No. CT2018-0058, 2019-Ohio-2980.

{¶ 29} The final assignment of error is overruled.

{¶ 30} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Baldwin, J. concur.

EEW/rw