[Cite as *State v. Snow*, 2021-Ohio-3771.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No.  L-20-1146

      Appellee                                    Trial Court No.  CR0201903191

v.

Calvin D. Snow                                        **DECISION AND JUDGMENT**

      Appellant                                  Decided:  October 22, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Erin Kennedy, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**OSOWIK, J.**

**Facts and Procedural Background**

{¶ 1} Appellant, Calvin Snow, was indicted by the Lucas County Grand Jury on

December 19, 2019, on Count One, Trafficking in Heroin, in violation of R. C.

2925.03(A)(2) and (C)(6)(c) a felony of the fourth degree, Count Two, Possession of

Heroin, a felony of the fourth degree in violation of R.C. 2925.11(A) and (C)(6)(b);

Count Three, Trafficking in Cocaine, in violation of R.C. 2925.03(A)(2) and (C)(4)(d), a

felony of the third degree, and Count Four, Possession of Cocaine, in violation of 2925.11(A) and (C)(4)(c), a felony of the third degree.

{¶ 2} On June 16, 2020, appellant plead no contest to an amended Count One, Trafficking in Heroin, in violation of R.C. 2925.03(A)(2) and (C)(6)(a), a felony of the fifth degree and an amended Count Two, Possession of Cocaine, in violation of R.C. 2825.11(A) & (C)(4)(a), a felony of the fifth degree. As part of a plea agreement, the prosecution would dismiss the remaining counts of the indictment at sentencing.

{¶ 3} On July 30, 2020, appellant was sentenced to 12 months on the amended Count One and 12 months on the amended Count Two, to be served consecutively. Notably, the trial court also terminated appellant's post release control in case No. CR 15-3123 and further ordered the defendant to serve the remaining 532 days consecutive to the sentences imposed in case No. CR-19-3191.

{¶ 4} Appellant now presents two assignments of error for our consideration.

I. The Trial Court erred in accepting Appellant's plea as it was not knowingly, intelligently and voluntarily tendered because Appellant was not told he faced a mandatory consecutive prison term if the Trial Court imposed a prison sentence for a post-release control violation.

II. Appellant's sentence should be vacated due to the Trial Court's failure to comply with the principles and purposes of sentencing pursuant to R. C. 2929.11 and R. C. 2929.12.

2.

**{¶ 5}** In support of his first assignment or error, appellant argues that his plea to the amended and reduced charges was not made knowingly, intelligently and voluntarily because the trial court did not strictly comply with the mandates of Criminal Rule 11. More specifically, Snow argues that he was not told by the trial court that if his postrelease control was terminated, any sentence imposed as a result thereof shall be served consecutive to his sentence in case No. CR-2019-3191.

**{¶ 6}** Crim.R. 11(C) (2) requires:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

(a) Determining that he is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself.

3.

**{¶ 7}** Snow acknowledges that the trial court otherwise complied with the trial court's advisement of his constitutional rights under Crim.R. 11(C).

**{¶ 8}** In this case, the following exchange took place at the June 6, 2020 plea hearing:

> THE COURT:  Do you understand that by entering this plea, that could result in your probation or parole being violated, and any sentence that you would receive in this case may run consecutive to any sentence you would receive in the other case if you're found to be in violation of your probation or parole?
>
> THE DEFENDANT:  Yeah.
>
> THE COURT:  Do you understand that?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  Knowing that, do you still wish to go forward with the plea?
>
> THE DEFENDANT:  Yes.

**{¶ 9}** Pursuant to Crim.R. 11, guilty pleas are to be made knowingly, intelligently and voluntarily.  Literal compliance with Crim. R. 11 is preferred, however, the trial court need only "substantially comply" with the rule when addressing the non-constitutional elements of Crim.R. 11(C).  *State v. Ballard*, 66 Ohio St.2d 473, 475, 423 N.E.2d 115 (1981), citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

4.

{¶ 10} The trial court's use of the auxiliary verb **may** is the irritating kernel upon which appellant's first assignment of error completely rests.

{¶ 11} Ohio Revised Code Section 2929.141(C) governs the manner of imposition of sentence on a person who is on post release control at the time of the commission of a new felony offense. That section states:

Upon the conviction of or plea of guilty to a felony by a person on transitional control under section 2967.26 of the Revised Code at the time of the commission of the felony, the court may, in addition to any prison term for the new felony, impose a prison term not exceeding twelve months for having committed the felony while on transitional control. An additional prison term imposed pursuant to this section shall be served consecutively to any prison term imposed for the new felony. The sentencing court may impose the additional prison term authorized by this section regardless of whether the sentencing court or another court of this state imposed the original prison term for which the person is on transitional control. Ohio Rev. Code Ann. § 2929.141.

{¶ 12} Thus, while revocation of an offender's post release control (PRC) is discretionary, any sentence imposed as a result of revocation must be served consecutively. *State v. Hahn*, 5th Dist., Muskingum No. CT2018-0057, 2019-Ohio-3451, ¶ 9-12.

5.

**{¶ 13}** Therefore, in this case, the sentence imposed in case No. CR-15-3123 (not the subject of this appeal), for which Snow was on PRC at the time of the offense in this matter, was ***required*** to be served consecutive to the new felony, i.e., the case before us.

**{¶ 14}** As previously stated, the trial court must substantially comply with the requirement to inform the defendant of non-constitutional rights such as notice of the maximum penalty that could be imposed. Crim.R. 11(C) (2) (a). *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 41. Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving, and we consider the totality of the circumstances to determine if appellant understood the implications of the plea. *State v. Elkins,* 6th Dist. Sandusky No. S-08-014, 2009-Ohio-2602 ¶ 33.

**{¶ 15}** We will note that the plea hearing took place while the court was operating under COVID 19 restrictions. Appellant remained in custody and the proceedings were conducted with video. The following exchange took place at the plea hearing conducted on June 16, 2020:

THE COURT: Mr. Snow, do you have any questions about anything contained in that plea form?

THE DEFENDANT: No. Ma'am.

**{¶ 16}** The plea form that is part of the record of this case and file-stamped on June 16, 2020 contains the following relevant language:

6.

Currently Serving Probation, Parole or Community Control

If I am now on felony Post Release Control, this plea may result in revocation proceedings and any new felony sentence shall be imposed consecutively.

If I am now on felony probation or community control, this plea may result in revocation proceedings and any new felony sentence shall be imposed consecutively.

{¶ 17} However, the plea form in this record does not have any signature of the appellant. The record of the June 16, 2020 plea hearing indicates no review of the plea form or any acknowledgement by appellant of having signed the plea form.

{¶ 18} In our review of the totality of the circumstances in this case, we cannot find that the misstatement by the trial court of a possibility of a consecutive sentence is clarified by a review of the plea form or the plea hearing. The trial court simply inquired of Snow if he had any questions about anything contained in the form that *may* be in this record.

{¶ 19} At the time of the plea, appellant was on PRC in case No. CR15-3123, Having Weapons Under Disability and Trafficking in Cocaine. He was last released from the Ohio Department of Rehabilitation and Corrections in July, 2018, and approximately 532 days were remaining to be served on that case. Imposition of those days would be required to be served consecutively to this case before us.

7.

{¶ 20} We therefore conclude that the trial court did not substantially comply with the requirement under Crim.R. 11(C) (2) (a) to inform the defendant of his non-constitutional rights, specifically, notice of the imposition of consecutive sentences that would be imposed.

{¶ 21} We find the appellant's first assignment of error to be found well taken.

## Conclusion

{¶ 22} Because Snow's first assignment of error is dispositive of the appeal, we decline to address his second assignment of error challenging the imposition of his sentence pursuant to the principles and purposes of sentencing under R.C. 2929.11 and R.C. 2929.12.

{¶ 23} For the foregoing reasons, we vacate Snow's plea, reverse his conviction and sentence, and remand this matter to the trial court for further proceedings consistent with this opinion. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.