**[Cite as *State v. Byrd*, 2021-Ohio-1893.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-30 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-117 |
| | : | |
| JUSTIN ALLAN BYRD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 4th day of June, 2021.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0084470, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

ANTOINETTE DILLARD, Atty. Reg. No. 0083191, 117 South Main Street, Suite 400, Dayton, Ohio 45422
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Justin Allan Byrd appeals from his convictions, on his guilty pleas, of possession of fentanyl, failure to appear after being released on recognizance for a felony, possession of cocaine, and aggravated possession of drugs (methamphetamine). His appellate counsel filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issues for appeal, and she asks permission to withdraw as counsel. Counsel could not even direct our attention to any potential assignments of error. By entry filed February 1, 2021, we notified Byrd that his counsel found no meritorious claims to present on appeal and granted him 60 days to file a pro se brief assigning any errors for review. He has not filed a brief.

## Facts and Course of Proceedings

{¶ 2} On June 14, 2020, Byrd was living with his mother, who called the Champaign County Sherriff's Department to report that she had found her son lying on the floor outside the bathroom and that he had overdosed. Byrd's mother had performed CPR and was able to revive him after about 15 minutes, but he was walking around screaming and not making any sense. Deputies responded. They were able to get Byrd outside to be checked by medics. His mother said she found Suboxone wrappers in the bathroom, for which Byrd had a prescription. She also said she thought Byrd had been using methamphetamine a week or two earlier. Byrd's probation officer responded to the scene to search his room. Several drugs and drug paraphernalia were found, including five partially-filled used syringes. Byrd was transported to the hospital. He admitted to a deputy that he had used heroin and possibly fentanyl.

{¶ 3} On July 6, 2020, Byrd was indicted for nine offenses: two fourth-degree felonies, six fifth-degree felonies, and one first-degree misdemeanor. The matter was scheduled for trial but, on August 17, 2020, Byrd agreed to plead guilty to four charges: possession of fentanyl, a fourth-degree felony; failure to appear after being released on recognizance, a fourth-degree felony; possession of cocaine, a fifth-degree felony; and aggravated possession of drugs (methamphetamine), a fifth-degree felony. This plea was in exchange for dismissal of the four other indicted fifth-degree felonies and the one first-degree misdemeanor.

{¶ 4} The record demonstrates that the trial court conducted a complete and thorough Crim.R. 11 colloquy. In addition, Byrd was informed, and he acknowledged, that he could be additionally sentenced to the time remaining on his active post-release control which, at that time, was calculated at 782 days. Furthermore, he understood that if a post-release control sentence were imposed, it would be consecutive to his new sentence. Byrd knowingly, intelligently and voluntarily pled guilty to the charges and agreed that certain evidentiary items confiscated from his residence, including a cell phone, would be forfeited to the Urbana Police Department. He also agreed that he would be responsible for court costs and court-appointed counsel fees. A presentence investigation report (PSI) was ordered.

{¶ 5} Sentencing occurred on September 16, 2020. The trial court indicated that it had reviewed the PSI and letters submitted on behalf of Byrd. The PSI revealed that Byrd had several prior felony convictions, two prior prison terms, multiple misdemeanor violations and several failures at prior drug abuse programming and supervisions. He was on probation and post-release control at the time of the indicted offenses. The court

indicated that it considered the purposes and principles of sentencing and the risk and recidivism factors of the Ohio Revised Code.

{¶ 6} The court imposed prison sentences of 18 months for possession of fentanyl, 17 months for failure to appear after being released on recognizance, 11 months for possession of cocaine, and 11 months for aggravated possession of drugs. The sentences for possession of fentanyl and failure to appear were ordered to be served consecutively to each other, and the remaining sentences were ordered to be served concurrently, for an aggregate sentence of 35 months in prison. The trial court made the consecutive sentence findings required by R.C. 2929.14(C)(4) and included those findings in its sentencing entry. The court also imposed 731 days of a post-release control sentence consecutively to the newly-imposed sentences.

**Analysis**

{¶ 7} We have performed our duty to independently conduct a thorough and complete examination of all the proceedings to decide whether this appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), citing *Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493. Our review included scrutiny of the entire record, including the docketed filings, the plea and sentencing hearing transcripts, the presentence investigation report and the letters in support of Byrd submitted by his trial counsel. We agree with appointed counsel's assessment that there are no appealable issues with arguable merit.

{¶ 8} The plea transcript reveals that the trial court scrupulously conducted a thorough and complete Crim.R. 11 plea hearing. Byrd acknowledged he understood his rights, the charges, and the plea agreement. There is no simply evidence to the contrary.

The record unquestionably supports a conclusion that the plea was properly entered and accepted. Any argument to the contrary is frivolous.

{¶ 9} Likewise, the sentencing transcript reveals that the trial court had reviewed the presentence investigation report, Byrd's record, the letters submitted in his support, his statements at sentencing, and the appropriate statutory considerations for sentencing in R.C. 2929.11 and R.C. 2929.12. The sentences were within the statutory ranges for the respective offenses and were not contrary to law. "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. We simply do not find any reasonable, potentially meritorious argument in the circumstances of this case that would support Byrd's cause.

{¶ 10} Regarding consecutive sentencing, "a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. "[W]here a trial court properly makes the findings mandated by R.C. 2929.14(C)(4), an appellate court may not reverse the trial court's imposition of consecutive sentences unless it first clearly and convincingly finds that the record does not support the trial court's findings." *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553, ¶ 38 (2d Dist.). Here, the trial court made the appropriate findings at sentencing and included those findings in the sentencing entry. Those findings were supported by the record, and there is no support in the record for an argument to the contrary.

{¶ 11} When an offender on post-release control violates that supervision by commission of a new felony, "[a] prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony." R.C. 2929.141(A)(1). Because consecutive sentencing for such a prison term is statutorily required, no findings are necessary. An argument to the contrary is frivolous.

## Conclusion

{¶ 12} Our independent review of the record reveals no non-frivolous issues for appeal. We agree with appellate counsel that Byrd's appeal is frivolous. We grant counsel's request to withdraw from representation. The judgment of the trial court is affirmed.

. . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Kevin Talebi
Antoinette Dillard
Justin Allan Byrd
Hon. Nick A. Selvaggio