[Cite as *State v. Colburn*, 2022-Ohio-1029.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 21-COA-006 |
| BROCK COLBURN | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Criminal appeal from the Ashland County
Court of Common Pleas, Case No. 2020-
CRI-106

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: March 29, 2022

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ASHLAND COUNTY PROSECUTOR        DONALD GALLICK
110 Cottage Street #3                       190 North Union Street, #102
Ashland, OH 44805                           Akron, OH 44304

*Gwin, P.J.*

{¶1} Appellant Brock Colburn appeals his conviction and sentence from the Ashland County Court of Common Pleas.

*Facts & Procedural History*

{¶2} On June 11, 2020, appellant was indicted on the following charges: aggravated possession of drugs (methamphetamine), a felony of the fifth degree, in violation of R.C. 2925.11(C)(1)(a), and falsification, a misdemeanor of the first degree, in violation of R.C. 2921.13(A)(3) and (F)(1).

{¶3} The trial court initially held a plea hearing on January 21, 2021. The trial judge began the plea, reviewed the plea form with appellant, asked if appellant was under the influence of drugs or alcohol, and asked appellant if he was satisfied with his attorney's representation. When the trial judge asked appellant if he was currently on post-release control, appellant stated he was. However, it was unclear how much time appellant had left on post-release control. Thus, the trial judge stated he would not take a plea on that day.

{¶4} The trial court issued a judgment entry on January 21, 2021, stating that, "during the [plea] hearing the Court became aware that the Defendant is currently under Post Release Control (PRC) and that the Court does not have the PRC information." Accordingly, the trial court continued the matter until January 27, 2021.

{¶5} The trial court held another plea hearing on January 27, 2021. At the beginning of the hearing, the trial court stated it received a statement from the Adult Parole Authority that the post-release control enhancement was 1,698 days. Appellant

confirmed he wanted to continue with the plea, even in light of the post-release control enhancement.

{¶6}   The trial court stated, "okay, well, Mr. Colburn, I am basically going to start over.  I think that we got about halfway through the plea colloquy last time when we hit the post-release control section, that is what slowed us down, but I am going to start over from the beginning since this is a new hearing and a new day."  Appellant confirmed he was not under the influence or alcohol or medications, and he was satisfied with his attorney.

{¶7}   The trial court reviewed the plea form with appellant, showing him on the document where it stated the maximum penalties and where it stated the various rights appellant was giving up by pleading guilty.

{¶8}   The trial court then asked appellant if he understood the maximum penalty. Specifically, the court asked appellant if he understood that if the court imposed all or part of the remaining post-release control time of 1,698 days, any time imposed with regard to the post-release control enhancement would be served consecutive to any prison sanction the court imposed on the aggravated possession of drugs offense.  Appellant responded, "yes, your honor."  Appellant again confirmed he understood there was the potential for 1,698 days of post-release control enhancement time to be imposed consecutive to the sentence for the new felony.  Appellant stated he understood that, in a worst-case scenario, the court could impose a twelve (12) month prison sentence on the aggravated possession of drugs charge and then impose 1,698 days consecutively for a total of 5 and 2/3 years in prison.

{¶9} The trial court then asked appellant if he gave up his constitutional rights as follows: the right to a jury trial, right to have the state prove his guilt beyond a reasonable doubt, the right to confront and cross-examine witnesses, the right to subpoena witnesses, and the right to remain silent. Appellant stated he did.

{¶10} At the conclusion of the plea colloquy, the trial court found appellant had knowingly, voluntarily, and intelligently waived his constitutional rights. Appellant entered a plea of guilty to Count 1, aggravated possession of drugs. The trial court accepted appellant's plea and entered a finding of guilty.

{¶11} The trial court issued a judgment entry on January 27, 2021, finding appellant guilty, ordering a pre-sentence investigation, and dismissing Count 2 as part of the plea agreement.

{¶12} The trial court ordered a pre-sentence investigation and set the matter for a sentencing hearing on March 15, 2021. After considering the statutory factors and the pre-sentence investigation report, the trial court sentenced appellant to serve six (6) months in prison for aggravated possession of drugs. The trial court specifically noted that appellant had a case in 2016 in which he had multiple opportunities to prove himself on community control, but had at least two violations of community control. Further, when appellant was released on post-release control, he committed this new felony within six months.

{¶13} The trial court also revoked appellant's post-release control and imposed an additional twelve (12) month prison sentence for violation of post-release control supervision, to be served consecutively with the prison sentence for the new felony. The

aggregate prison term was eighteen (18) months. The sentence was journalized via sentencing entry filed on March 30, 2021. A timely notice of appeal was filed.

{¶14} This Court issued a judgment entry on September 27, 2021, notifying appellant that his counsel filed an *Anders* brief, and allowing appellant to file a pro se brief on or before October 29, 2021. A copy of the judgment entry was served on appellant via certified U.S. Mail at the Belmont Correctional Institution. Appellant did not file a pro se brief.

{¶15} Appellate counsel for appellant has filed a motion to withdraw and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth two proposed assignments of error:

{¶16} "I. THE GUILTY PLEA MUST BE VACATED BECAUSE THE TRIAL COURT CONDUCTED THE PLEA HEARING ON TWO SEPARATE DAYS.

{¶17} "II. THE TRIAL COURT'S DECISION TO IMPOSE A SIX-MONTH PRISON TERM FOR A FIFTH-DEGREE FELONY CONVICTION MAY HAVE VIOLATED OHIO'S SENTENCING STATUTES; AND THE TRIAL COURT IMPOSED A CONSECUTIVE SENTENCE WITHOUT FINDINGS."

*Anders Law*

{¶18} In *Anders*, the United States Supreme Court held, if after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, he should so advise the court and request permission to withdraw. *Id.* Counsel must accompany his or her request with a brief identifying anything in the record that could arguably support the client's appeal. *Id.* Counsel also must: (1) furnish the client with a

copy of the brief and request to withdraw; and, (2) allow the client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

I.

{¶19} In his first proposed assignment of error, appellant asks whether his guilty plea must be vacated because the trial court conducted the plea hearing on two separate days.

{¶20} The trial court reset the plea hearing for another day in order to make sure appellant's plea was knowing, intelligent, and voluntary because there was not definite information as to how much time appellant had remaining on post-release control. While there was an attempt at a plea hearing on January 21st, an entirely new and separate plea hearing was conducted on January 27th. As the trial court told appellant at the beginning of the January 27th hearing, the trial court "start[ed] over from the beginning since this is a new hearing and a new day."

{¶21} A criminal defendant's choice to enter a guilty plea is a serious decision. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462. Due process requires a defendant's plea be made knowingly, intelligently, and voluntarily; otherwise, the defendant's plea is invalid. *Id.*

{¶22} Criminal Rule 11(C) prescribes the process a trial court must use before accepting a plea of guilty to a felony. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621. The trial court must follow certain procedures and engage the defendant in a detailed colloquy before accepting his or her plea. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462. The court must make determinations and give the warnings that Criminal Rule 11(C)(2)(a) and (b) require and must notify the defendant of the constitutional rights that Criminal Rule 11(C)(2) identifies. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621. The underlying purpose of Criminal Rule 11 is to convey information to the defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead. *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981). "When a trial court or appellate court is reviewing a plea submitted by a defendant, its focus should be on whether the dictates of Crim.R. 11 have been followed." *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991).

{¶23} In this case, there is no issue with the plea hearing, as the trial court completed the entire Criminal Rule 11 plea colloquy on January 27, 2021. The record demonstrates the trial court very carefully adhered to Criminal Rule 11, and strictly complied with all of the requirements of Criminal Rule 11 on January 27, 2021. The trial court conducted a complete and through colloquy. Appellant acknowledged he understood his rights, the charges, the plea agreement, the maximum penalties, and the specific constitutional rights he was waving with the plea. The record supports a conclusion that the plea was properly entered and accepted.

**{¶24}** The record in this case shows the trial court's compliance with Criminal Rule 11, and supports the trial court's determination that appellant's plea was knowingly, intelligently, and voluntarily made.

**{¶25}** Appellant's first proposed assignment of error is overruled.

II.

**{¶26}** In his second proposed assignment of error, appellant makes two separate arguments: (1) the six-month prison term for the fifth-degree felony conviction may have violated Ohio's sentencing statutes and (2) the trial court imposed a consecutive sentence without the required findings for consecutive sentences.

*Six-Month Prison Term Sentencing*

**{¶27}** Under R.C. 2953.08(G)(2), we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

**{¶28}** "Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954).

**{¶29}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post-release control, and sentences the defendant

within the permissible statutory range." *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209.

{¶30} Appellant was found guilty of aggravated trafficking in drugs, a felony of the fifth degree. Pursuant to R.C. 2929.14(A)(5), felonies of the fifth degree are punishable by "a definite term of six, seven, eight, nine, ten, eleven, or twelve months." The trial court sentenced appellant to six months in prison. Appellant's sentence is not contrary to law, and we find his sentence is within the statutory range for a fifth-degree felony.

{¶31} This Court is therefore without authority to disturb appellant's sentence absent a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 and 2929.12. In its judgment entry, the trial court noted it considered the record, all statements, the pre-sentence investigation report, and the factors set forth in R.C. 2929.11 and R.C. 2929.12.

{¶32} During the sentencing hearing, the trial court specifically noted that appellant had a case in 2016 in which he had multiple opportunities to prove himself on community control, but he violated community control twice. Further, when appellant was given post-release control the second time, he committed the new felony in this case less than six months later. The trial court concluded appellant is not amenable to community control sanctions, and a prison term is consistent with the purposes and principles of sentencing.

{¶33} We do not find clear and convincing evidence that the record does not support the trial court's findings or that the sentence is contrary to law. R.C.

2953.08(G)(2). This portion of appellant's proposed second assignment of error is overruled.

*Consecutive Sentences*

{¶34} Also, in his second proposed assignment of error, appellant contends the trial court committed error when it revoked his post-release control and imposed a consecutive prison term without making the appropriate findings for consecutive sentences. We disagree.

{¶35} Unlike in a case requiring specific findings for consecutive sentences, R.C. 2929.141(A)(1) does not grant the trial court any discretion. If the trial court chooses to impose an additional prison term for a violation of post-release control, the defendant must serve the additional term consecutive to the prison term for the new felony. R.C. 2929.141(A)(1); *State v. Baker*, 5th Dist. Ashland No. 20 COA 011, 2020-Ohio-3199. "Because consecutive sentencing for such a prison term is statutorily required, no findings are necessary." *State v. Byrd*, 2nd Dist. Champaign No. 2020-CA-30, 2021-Ohio-1893; *State v. Hahn*, 5th Dist. Muskingum No. CT2018-0057, 2019-Ohio-3451.

{¶36} In *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, the Ohio Supreme Court held a trial court must inform a defendant who is on post-release control and is pleading guilty to a new felony offense of the trial court's authority to revoke the defendant's post-release control and impose a prison term consecutively to any term of imprisonment it imposes for that new felony offense. *State v. Krouskoupf*, 5th Dist. Muskingum No. CT2018-0020, 2019-Ohio-806.

{¶37} A majority of the Ohio Supreme Court found in *Bishop*:

Crim.R. 11(C)(2)(a) requires a trial court to advise a criminal defendant on post-release control for a prior felony, during his plea hearing in a new felony case, of the trial court's authority under R.C. 2929.141 to terminate the defendant's existing post-release control and to impose a consecutive sentence for the post-release control violations.

{¶38} Upon our review of the change of plea hearing, we find the trial court informed appellant there was a potential post-release control prison sanction in this case. The trial court specifically stated that the court could impose all or part of the remaining post-release control supervision time of 1,698 days consecutive to the prison sentence for the aggravated possession of drugs charge. Appellant stated he understood. Appellant again confirmed he understood there was the potential for 1,698 days of post-release control enhancement time to be imposed consecutive to the potential sentence for the new felony. Appellant stated he understood that, in a worst-case scenario, the court could impose a twelve (12) month prison sentence on the aggravated possession of drugs charge and then impose 1,698 days for a total of 5 and 2/3 years in prison.

{¶39} We find the trial court complied with the requirements of *Bishop* and R.C. 2929.141.

{¶40} Based on the foregoing, appellant's proposed assignments of error are overruled.

{¶41} After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Thus, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Ashland County Court of Common Pleas.

By Gwin, P.J.,

Hoffman, J., and

Wise, Earle, J., concur