[Cite as *State v. Morgan*, 2022-Ohio-4576.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2022-0011 |
| DARRELL E. MORGAN, JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING: Criminal appeal from the Muskingum County Court of Common Pleas, Case No. CR 2021-0435

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: December 15, 2022

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RONALD WELCH                        RYAN AGEE
Muskingum County Prosecutor        100 S. Lafayette St.
BY: TAYLOR P. BENNINGTON          Camden, OH 45311
Assistant Prosecutor
27 North Fifth Street, P.O. Box 189
Zanesville, OH 43702

*Gwin, P.J.*

{¶1}    Appellant Darrell E. Morgan Jr. appeals the December 22, 2021 judgment entry of the Muskingum County Court of Common Pleas.  Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2}    On August 12, 2021, appellant visited his mother at her home.  His mother had her purse between her feet on the floor of the living room where she was seated.  Appellant grabbed the purse and fled out the door.  The purse contained $3,000 in cash, a cash app debit card with $200 on it, credit cards, gift cards, Xanax, and Percocet.

{¶3}    Appellant was indicted on August 19, 2021 on the following counts:  (1) burglary, in violation of R.C. 2911.12(A)(2), a felony of the second degree; (2) theft (elderly victim), in violation of R.C. 2913.02(A)(1), a felony of the fourth degree; (3) theft (credit card), in violation of R.C. 2913.02(A)(1), a felony of the fifth degree; and (4) theft (dangerous drugs), in violation of R.C. 2913.02(A)(1), a felony of the fourth degree.

{¶4}    Pursuant to a negotiated plea agreement, appellant agreed to plead guilty to Count 2, theft, and appellee agreed to dismiss counts 1, 3, and 4.

{¶5}    The trial court held a plea hearing on November 3, 2021.  At the time of the commission of the offense in this case, appellant was on post-release control from a previous case.  During the plea hearing, the court informed appellant that a finding of guilty in this case could lead to a revocation of his post-release control and could lead to new and additional prison time.  Further, that the time could be as much as the time appellant had left on post-release control, or one year, whichever was greater, and that any time is mandatory consecutive to the time in this case.  Appellant stated he understood and still wanted to plead guilty.

{¶6} Appellant signed a plea of guilty form on November 3, 2021. The trial court issued a judgment entry on November 4, 2021, finding appellant made a knowing, intelligent, and voluntary waiver of his rights, and finding appellant guilty of one count of theft (elderly victim), in violation of R.C. 2913.02(A)(1), a felony of the fourth degree. The trial court ordered a pre-sentence investigation.

{¶7} The trial court held a sentencing hearing on December 20, 2021. After trial counsel for appellant made a detailed argument with regards to the sentence, the trial court asked appellant, "Is there anything you'd like to say on your behalf prior to sentencing?" Appellant stated, "No sir." The trial court stated, "I can't hear you." Appellant responded, "No sir." The trial court continued, "Did you say no or yes?" Appellant stated, "No."

{¶8} Upon questioning from the trial court, appellant confirmed he has an extensive criminal record. The trial court sentenced appellant to eighteen months in prison, terminated his post-release control, and imposed the balance of the post-release control. The trial court stated, "and that is mandatory consecutive to your 18 months in prison." As to appellant's right to appeal, the trial court stated, "you have the right to appeal. If you want to appeal this matter, you have a right to. If you're indigent, you have a right to a court-appointed attorney at no cost to yourself, if you're determined to be indigent. And you have the right to all the transcripts involved in this matter at no cost if you are determined to be indigent." Counsel for appellant stated appellant wished to exercise his right to appeal. The court stated it would appoint an appellate attorney.

{¶9} The trial court entered a final judgment entry on December 22, 2021.

{¶10} The trial court appointed appellate counsel on January 25, 2022. In a motion for leave to file a delayed appeal, appellate counsel stated, "due to an inadvertent administrative oversight, the trial court did not appoint counsel until after 30 days had passed." This Court granted appellant's motion for leave to file a delayed appeal and ordered the appeal to "proceed as if it were filed as a timely appeal of right."

{¶11} Appellant appeals the December 22, 2021 judgment entry of the Muskingum County Court of Common Pleas and assigns the following as error:

{¶12} "I. DEFENDANT'S SENTENCE WAS AN ABUSE OF DISCRETION."

I.

{¶13} Appellant's assignment of error contains several sub-parts. First, appellant contends the trial court committed error in sentencing him to a maximum sentence because this was a non-violent felony.

{¶14} Under R.C. 2953.08(G)(2), we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231.

{¶15} "Clear and convincing evidence is that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954).

**{¶16}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post-release control, and sentences the defendant within the permissible statutory range." *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209.

**{¶17}** Appellant was found guilty of theft, a fourth-degree felony. Pursuant to R.C. 2929.14(A)(4), felonies of the fourth degree are punishable by "a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." The trial court sentenced appellant to eighteen months in prison. Appellant's sentence is not contrary to law, and we find his sentence is within the statutory range for a fourth-degree felony.

**{¶18}** This Court is therefore without authority to disturb appellant's sentence absent a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 and 2929.12. In its judgment entry, the trial court noted it considered the record, all statements, the pre-sentence investigation report, the plea recommendation, the principles and purposes of sentencing under R.C. 2929.11, and the balance of seriousness and recidivism factors under R.C. 2929.12.

**{¶19}** During the sentencing hearing, the trial court specifically noted that it considered the pre-sentence investigation report, stated appellant did not seek treatment for his substance abuse problem while he was on post-release control, and that appellant's felony and misdemeanor history is "absolutely horrible" with approximately ten previous felonies and twenty previous misdemeanors. The trial court concluded appellant

is not amenable to community control sanctions, and a prison term is consistent with the purposes and principles of sentencing.

**{¶20}** We do not find clear and convincing evidence that the record does not support the trial court's findings or that the sentence is contrary to law. This portion of appellant's assignment of error is overruled.

*Consecutive Sentences*

**{¶21}** Appellant argues the trial court committed error when it revoked his post-release control and imposed a consecutive prison term without making the appropriate findings for consecutive sentences. We disagree.

**{¶22}** Unlike in a case requiring specific findings for consecutive sentences, R.C. 2929.141(A)(1) does not grant the trial court any discretion. If the trial court chooses to impose an additional prison term for a violation of post-release control, the defendant must serve the additional term consecutively to the prison term for a new felony. R.C. 2929.141(A)(1); *State v. Baker*, 5th Dist. Ashland No. 20 COA 011, 2020-Ohio-3199. "Because consecutive findings for such a prison term is statutorily required, no findings are necessary." *State v. Byrd*, 2nd Dist. Champaign No. 2020-CA-30, 2021-Ohio-1893; *State v. Hahn*, 5th Dist. Muskingum No. CT2018-0057, 2019-Ohio-3451; *State v. Colburn*, 5th Dist. Ashland No. 21-COA-006, 2022-Ohio-1029; *State v. Coffman*, 5th Dist. Ashland No. 21-COA-015, 2022-Ohio-217.

**{¶23}** In *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, the Ohio Supreme Court held a trial court must inform a defendant who is on post-release control and is pleading guilty to a new felony offense of the trial court's authority to revoke the defendant's post-release control and impose a prison term consecutively to any term

of imprisonment it imposes for that new felony offense. *State v. Krouskoupf*, 5th Dist. Muskingum No. CT2018-0020, 2019-Ohio-806.

**{¶24}** A majority of the Ohio Supreme Court found in *Bishop*: "Crim.R. 11(C)(2)(a) requires a trial court to advise a criminal defendant on post-release control for a prior felony, during his plea hearing in a new felony case, of the trial court's authority under R.C. 2929.141 to terminate the defendant's existing post-release control and to impose a consecutive sentence for the post-release control violations."

**{¶25}** Upon our review of the change of plea hearing, we find the trial court informed appellant there was a potential post-release control prison sanction in this case. During the plea hearing, appellant stated he understood that, by pleading guilty to the theft charge, it could lead to the revocation of his post-release control, and, if the court imposed the post-release control time, it would be maximum consecutive to any time he would receive on the theft charge. The trial court further inquired of appellant, "in spite of that, you want to go forward with your plea?" Appellant stated, "yes."

**{¶26}** We find the trial court complied with the requirements of *State v. Bishop* and R.C. 2929.141 when it informed appellant of the time remaining on his post-release control and that the court would be imposing the remaining time consecutively to his prison sentence for the new felony offense. This portion of appellant's assignment of error is overruled.

*Hearing & Allocution*

**{¶27}** Appellant contends the trial court failed to hold a hearing on the imposition of the balance of post-release control and failed to give him the right to allocute in imposing the balance of the post-release control. We disagree.

**{¶28}** The record demonstrates that counsel for appellant and counsel for appellee each argued their positions regarding imposing the balance of appellant's post-release control at the December 20, 2021 hearing.

**{¶29}** Counsel for appellee argued for an eighteen-month sentence, to be served consecutively to the balance of appellant's post-release control time. Counsel for appellant spoke at length about appellant's substance abuse issues, and the continuing cycle of appellant being placed on post-release control and then being revoked when he is charged with a new felony. Counsel for appellant asked the trial court to either not impose the balance of the post-release control time, or sentence appellant to the minimum time on the theft charge since appellant had a substantial amount of mandatory consecutive post-release control time to be imposed.

**{¶30}** R.C. 2929.19 and Criminal Rule 32(A)(1) require that, at the time of imposition of sentence, the trial court afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement on his or her own behalf. *State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, 81 N.E.3d 1237 (2016). This duty is mandatory, and if the trial court fails to do so, resentencing is required unless the error is invited error or harmless error. *State v. Campbell*, 90 Ohio St.3d 320, 738 N.E.2d 1178 (2000).

**{¶31}** The requirement of allocution is considered fulfilled when the conduct of the court clearly indicates to the defendant and his counsel that each has a right to make a statement prior to the imposition of sentence. *State v. Gulley*, 5th Dist. Stark No. 2010 CA 00296, 2011-Ohio-3811. In this case, immediately after counsel for appellee and counsel for appellant made arguments as to the sentence both in the theft case and

whether to impose the post-release control time, the trial court asked appellant if he had anything to say on his own behalf prior to sentencing. Appellant declined to speak. Specifically, the trial court stated, "[appellee] has argued you receive the 18-month prison sentence plus all your PRC time. Your attorney is arguing for something much less and not having PRC time imposed." Immediately after this statement, the trial court asked appellant if there was anything he would like to say on his behalf prior to sentencing. Appellant stated, "no, sir." The trial court could not hear what appellant said, and then twice confirmed that appellant said, "no." This exchange clearly indicates the trial court provided appellant the right to make a statement prior to the imposition of sentence. Therefore, we find the trial court did not deprive appellant of his allocution rights under Criminal Rule 32(A)(1).

**{¶32}** This portion of appellant's assignment of error is overruled.

*Appeal Rights*

**{¶33}** Appellant contends the trial court committed error in not advising him he had a right to a "timely filed appeal," and in not appointing an attorney for his appeal in a timely manner.

**{¶34}** Criminal Rule 32(B)(3) provides the court "shall advise" appellant of the following: (a) that if appellant is unable to pay the cost of an appeal, appellant has the right to appeal without payment; (b) if appellant is unable to obtain counsel for an appeal, counsel will be appointed without cost; (c) if appellant is unable to pay the costs of documents necessary to an appeal, the documents will be provided without cost; and (d) that appellant has a right to have a notice of appeal timely filed on his behalf and, upon request, the court shall forthwith appoint counsel for appellant.

**{¶35}** The trial court did notify appellant of his appellate rights during the hearing, informing him he had the right to appeal, the right to a court-appointed attorney at no cost, and the right to all transcripts involved in the matter at no cost. The trial court appointed an appellate attorney, but did so after the thirty-day appeal period had ended.

**{¶36}** Even assuming the trial court was required to state the phrase "timely appeal," and though the trial court appointed appellate counsel after the thirty-day appeal period ended, counsel was appointed to represent him and filed a motion for leave to file a delayed appeal. The motion was granted, and we specifically ordered the case to "proceed as if it were filed as a timely appeal of right." Because the motion was granted and counsel was appointed to represent him, appellant was "able to effect a timely appeal through counsel" and has not been prejudiced by any failure of the trial court to advise him of his appellate rights. Accordingly, any failure is harmless error. *State v. Steele*, 5th Dist. Delaware No. 17 CAA 01 007, 2017-Ohio-5847; *State v. Finch*, 5th Dist. Licking No. 11 CA 6, 2011-Ohio-4273; *State v. Nix*, 8th Dist. Cuyahoga No. 106894, 2018-Ohio-4702.

**{¶37}** This portion of appellant's assignment of error is overruled.

**{¶38}** Based on the foregoing, appellant's assignment of error is overruled.

{¶39} The December 22, 2021 judgment entry of the Muskingum County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE


WSG:clw 1208

[Cite as *State v. Morgan*, 2022-Ohio-4576.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                      :
                                   :
          Plaintiff-Appellee       :
                                   :
                                   :
-vs-                               :          JUDGMENT ENTRY
                                   :
DARRELL MORGAN, JR.                :
                                   :
                                   :
          Defendant-Appellant      :          CASE NO. CT2022-0011


     For the reasons stated in our accompanying Memorandum-Opinion, the December

22, 2021 judgment entry of the Muskingum County Court of Common Pleas is affirmed.

Costs to appellant.


                                   _____
                                   HON. W. SCOTT GWIN


                                   _____
                                   HON. WILLIAM B. HOFFMAN


                                   _____
                                   HON. JOHN W. WISE